```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND
```

_____
                                    )
J & J SPORTS PRODUCTIONS, INC.,     )
        Plaintiff,                  )
                                    )
        v.                          )    C.A. No. 18-239-WES
                                    )
JOHN J. VERNANCIO, et al.,          )
        Defendants.                 )
_____)

## ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 10) ("Plaintiff's Motion"), to which Defendants Responded (ECF No. 11) and Plaintiff Replied (ECF No. 12). For the reasons stated herein, Plaintiff's Motion is denied.

I.  Factual Background

This case arises out of Defendants' allegedly unlawful broadcast of "'The Fight of the Century' Floyd Mayweather, Jr. v. Manny Pacquiao Championship Fight Program," ("the fight") which was broadcast live on Saturday May 2, 2015. According to the Complaint, Plaintiff, a media production company, had the exclusive nationwide commercial distribution rights to the fight and entered into sublicensing agreements with various commercial entities allowing them to broadcast the fight. Plaintiff alleges that Defendants, who are owners of the commercial establishment called Broadway Cigars, unlawfully broadcast the fight in their establishment. On May 1,

2018, Plaintiff filed a Complaint alleging two counts of commercial piracy and one count of conversion. Defendants answered, denying liability and asserting three affirmative defenses: (1) that "Plaintiff fails to state a cause of action upon which relief can be granted"; (2) that "Defendants affirmatively assert the defenses of license and payment"; and (3) that "Defendants affirmatively assert the defense of waiver." (Defs.' Answer 3, ECF No. 6.) Plaintiff now moves to strike the second and third affirmative defenses.

II. Applicable Law

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "To prevail on a motion to strike an affirmative defense, a plaintiff must establish three criteria: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." United States v. Kennebec Scrap Iron, Inc., No. 1:16-CV-191-GZS, 2016 WL 6651302, at *2 n.2 (D. Me. Nov. 10, 2016) Elliot v. City of New York, No. 06-CV-296 (KMK), 2008 WL 4178187, at *15 (S.D.N.Y. Sept. 8, 2008).

III. Analysis

The crux of Plaintiff's argument is that Defendants' affirmative defenses are not, in fact, affirmative defenses; they are merely denials of liability. (Pl.'s Reply 3 ("A denial is just that, a denial, it is not an affirmative defense.").) Plaintiff argues that an affirmative defense must assume that the allegations in the Complaint are true and cannot contradict the Complaint. (Pl.'s Mot. to Strike 3 (stating that affirmative defenses "plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, <u>even if the allegations of the complaint are true</u>") (quoting <u>Fed. Deposit Ins. Corp. v. Main Hurdman</u>, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (emphasis added by Plaintiff).) Plaintiff contends that the affirmative defense of license and payment must be stricken because it directly contradicts Plaintiff's allegation that "Defendants were <u>not</u> sublicensees and did not contract with Plaintiff." (<u>Id.</u> at 4; <u>see also</u> Compl. ¶¶ 16-19, ECF No. 1.) Similarly, Plaintiff argues that the affirmative defense of waiver must be stricken because Defendants did not plead sufficient facts to support that defense. Both arguments fail.

First, by asserting the affirmative defense of "license and payment" Defendants presumably meant to claim that they had properly obtained a license and paid for the use of Plaintiff's media content before they broadcast the fight on May 2, 2015. This defense presents questions of fact and law for the Court to resolve, namely:

3

whether Defendants possessed a license to broadcast the media, what was the scope of that license, and whether Defendants' actions were within that scope. Additionally, because this is a "commercial piracy case arising out of the alleged unlawful interception, publication, and/or receipt of [the fight]" (Pl.'s Mot. to Strike 2), the affirmative defense of "license and payment" appears to go to the heart of the ultimate issue of whether Defendants' broadcast was lawful. Clearly the issues raised by this defense are integral to the case and, as such, the argument that inclusion of this defense would prejudice Plaintiff by forcing it to "litigat[e] irrelevant issues" is baseless (Id. at 5); see also Kennebec Scrap Iron, Inc., 2016 WL 6651302, at *3 ("At this early stage of the proceeding . . . the Court does not believe that the Government will be prejudiced by having to engage in discovery and further argument on issues that will be central to proving its claims . . . .").

Second, Plaintiff's argument that Defendants have not pleaded sufficient facts to "indicate that the defense [of waiver] can succeed factually or legally" misses the point. (Pl.'s Mot. to Strike 5.) Defendants are not obliged at this stage to prove the plausibility of their affirmative defenses. Owen v. Amer. Shipyard Co., LLC, No. 15-CV-413 S, 2016 WL 1465348 at *3 (D.R.I. April 14, 2016) (declining to extend the Twombly and Iqbal pleading standards to affirmative defenses). Rather, it is Plaintiff who bears the

4

burden of proving beyond cavil that these affirmative defenses are insufficient and must be stricken. See Kennebec Scrap Iron, Inc., 2016 WL 6651302, at *2 (stating that plaintiff bears the burden of proof on a motion to strike affirmative defenses); Honeywell Consumer Prods., Inc. v. Windmere Corp., 993 F. Supp. 22, 24 (D. Mass. 1998) ("Motions to strike defenses are disfavored and should be granted only when it is beyond cavil that the defendants could not prevail on them.") (quotations omitted).

Accordingly, Plaintiff has not met its burden of demonstrating that there is no issue of law or fact which might allow these defenses to succeed, nor has it shown how it would be prejudiced by the inclusion of these defenses. See Kennebec Scrap Iron, Inc., 2016 WL 6651302, at *3.

IV. Conclusion

For the aforementioned reasons, Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 10) is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: November 5, 2018