```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
                                   )
J&J Sports Productions, Inc.,      )
                                   )
          Plaintiff,               )
                                   )
     v.                            )   C.A. No. 18-239 WES
                                   )
John Vernancio and                 )
Broadway Cigars, LLC,              )
                                   )
          Defendants.              )
_____)
```

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Summary Judgment, ECF No. 45. For the reasons that follow, that Motion is GRANTED in part and DENIED in part.

I.  BACKGROUND

On May 2, 2015, "The Fight of the Century"[1] ("the Program"), a boxing match, was broadcast nationwide. Pl.'s Statement Undisp. Facts in Supp. of Mot. for Summ. J. ("PSUF") ¶¶ 1-2, ECF No. 45-2. Plaintiff J&J Sports Productions, Inc. ("J&J Sports") had exclusive rights to distribute or sell the Program to commercial establishments. Id. ¶ 3; Aff. of Joseph Gagliardi ¶ 3, ECF No. 45-5. Defendant Broadway Cigars, LLC, operates a bar by the same

---

[1] The fight was between Floyd Mayweather, Jr. and Manny Pacquiao, and the program included undercard bouts. Pl.'s Statement Undisp. Facts ("PSUF") ¶¶ 1-2, ECF No. 45-2.

name (together, "Broadway Cigars"). PSUF ¶ 4. Defendant Vernancio, at all relevant times, was the managing member of the LLC. Id. ¶ 6.

Broadway Cigars aired the fight without permission and without paying the proper licensing fee. Id. ¶¶ 7-9. This central fact is supported by Plaintiff's investigator, who attended the bar on the night of the fight and observed the Program being displayed on six of seven televisions at Broadway Cigars. Id. ¶¶ 10-12, 14; Affidavit of Arthur Henebury 1, ECF No. 45-6. The investigator, along with approximately 55-60 fellow patrons, paid a $20 cover charge. PSUF ¶¶ 15-16.

Plaintiff moved for summary judgment on May 5, 2022. See Pl.'s Mot. for Summ. J. 1, ECF No. 45. The Court received no response, and so issued an order directing Defendants to show cause as to why summary judgment should not enter against them. See June 8, 2022, Text Order. Defendants filed a one-sentence opposition the next day, along with a motion for an extension of time in which to file a memorandum of law in support. Defs.' Obj. to Pl.'s Mot. for Summ. J. and Mot. for Extension of Time to Respond to Pl.'s Mot. 1, ECF No. 47. The Court granted that extension along with one other, such that Defendants' substantive opposition was most recently due July 22, 2022. See July 7, 2022, Text Order, ECF No. 49. The Court has not received the promised memorandum of law from Defendants, nor any other motion for an

extension of time, and therefore treats Plaintiff's Motion for Summary Judgment as unopposed.

## II. LEGAL STANDARD

"Summary judgment is appropriate if there is no genuine issue as to any material fact and the undisputed facts show that the moving party is entitled to judgment as a matter of law." Borges v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). The moving party bears an initial burden to show there are no trial-worthy factual disputes. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986). That burden then shifts to the non-moving party to show which material facts, supported by evidence in the record, remain genuinely disputed such that summary judgment is not appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court views all facts and inferences in the light most favorable to the non-moving party. Id. at 255.

## III. DISCUSSION

### A. Liability

Plaintiff charges that Defendants violated 47 U.S.C. § 553,[2] which provides, in pertinent part, that "[n]o person shall

---

[2] In Count I, Plaintiff alleges Defendants violated 47 U.S.C. § 605, which applies if they received the broadcast via satellite instead of cable. Because the facts have shown § 553 is the applicable section, Count I is DISMISSED. See J&J Sports Productions, Inc. v. Aiken, No. 1:18-CV-00489-BLW, 2022 WL 3213094, at *2 (D. Idaho Aug. 9, 2022) (damages can only be recovered under one or the other). Similarly, Plaintiff also

intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." There is no intent element required for liability under statute, but damages may be reduced or increased according to mens rea with which the violator acted. See 47 U.S.C. § 553 (c)(3)(B)-(C); Don King Prods., Inc. v. Panaderia Y Reposteria La Milagrosa, 553 F. Supp. 2d 97, 100 (D.P.R. 2008); see also Doherty v. Wireless Broadcasting Systems of Sacramento, Inc., 151 F.3d 1129, 1131 (9th Cir.1998).

To reach Defendant Vernancio on a theory of vicarious liability, Plaintiff must show he "(1) . . . had a right and ability to supervise the infringing activities and (2) had an obvious and direct financial interest in those activities." G & G Closed Circuit Events, LLC v. Miranda, C.A. No. 2:13-cv-2436-HRH, 2014 WL 956235, at *4-5 (D. Ariz. Mar. 12, 2014) (quoting J&J Sports Productions, Inc. v. Walia, C.A. No. 10-5136 SC, 2011 WL 902245, at *3 (N.D. Cal. Mar. 14, 2011)). However, vicarious liability cannot be premised on an individual's status as a shareholder, officer, or LLC member alone; a plaintiff must show

---

brings a claim for conversion under Rhode Island common law (Count III). But the Rhode Island Supreme Court does not recognize an action for conversion of intangible property rights, see Montecalvo v. Mandarelli, 682 A.2d 918, 929 (R.I. 1996), and therefore Count III is also DISMISSED.

4

the individual was "a moving active conscious force behind the violation." Walia, 2011 WL 902245, at *3 (internal quotation marks and citation omitted); see also Joe Hand Promotions, Inc. v. Sharp, 885 F. Supp. 2d 953, 956 (D. Minn. 2012) (liability attaches on showing that there is no distinction between individual's actions and that of his company).

This case is not complex: Broadway Cigars violated § 553 when it showed the fight without proper authorization. It cannot avoid liability by proffering the excuse that it paid its cable provider, Verizon, when it knew or should have known Verizon was not authorized to distribute the fight.³ See J&J Sports Productions, Inc. v. Coyne, 857 F. Supp. 2d 909, 916 (N.D. Cal. 2012). The Court thus finds Broadway Cigars liable, and GRANTS summary judgment as to it.

As to Defendant Vernancio, Plaintiff's undisputed facts declare only that he "was the managing member of Broadway Cigars, LLC." PSUF ¶ 6. This factual showing is insufficient, standing

---

³ The bar's contract with Verizon explicitly provides that:

> You understand and agree that Verizon generally does not have the right to distribute pay-per-view Programming (including Programming such as sporting events) and certain premium video services to businesses. You agree that you shall not exhibit nor assist in the exhibition of any such Programming unless explicitly authorized to do so, in advance and in writing, by Verizon and the applicable program or event distributor.

See Verizon Contract, Ex. C ¶ 5.2, ECF No. 45-10.

5

alone, to demonstrate he had actual oversight, control, or day to day management responsibilities at the bar sufficient to be a moving force behind the violation. See Walia, 2011 WL 902245, at *3. Summary judgment as to Defendant Vernancio is DENIED.

B. Damages

Plaintiff has elected for statutory damages. The Court of Appeals for the First Circuit has held that statutory damages under § 553 should be "calculated based solely on an estimate of actual damages." Charter Commc'ns Ent. I, DST v. Burdulis, 460 F.3d 168, 181 (1st Cir. 2006). Plaintiff represents that in this case the licensing fee the bar should have paid was $6,000, see PSUF ¶ 13, and the Court finds this to be a reasonable approximation of J&J Sports' actual damages. Upon a finding "that the violation was committed willfully and for purposes of commercial advantage or private financial gain," the Court has discretion to increase an award of damages up to $50,000. 47 U.S.C. § 553(c)(3)(B). Here, the Court finds that the cover charge adds to bar's culpability by demonstrating that the violation was for financial gain. The Court adds additional damages of $1,200, approximately the amount the bar took in as a cover charge. Thus, the Court awards damages against Defendant Broadway Cigars, LCC, in the total amount of $7,200 for its willful violation of § 553.

C. Attorney's fees

The Court has discretion to award full costs and reasonable attorney's fees to J&J Sports as the prevailing party. 47 U.S.C. § 553(c)(2)(C). The Court declines to award fees and costs in this case, given the extreme lack of diligence with which Plaintiff has prosecuted the case. See, e.g., Mar. 9, 2021, Text Order (directing the parties to show cause as to the matter should not be dismissed for lack of prosecution).

IV. CONCLUSION

For the reasons contained herein, Plaintiff's Motion for Summary Judgment, ECF No. 45, is GRANTED as to Count II against Defendant Broadway Cigars, LLC, and DENIED as to Defendant Vernancio. Counts I and III are DISMISSED. Plaintiff shall show cause within thirty days why Count II as to Vernancio should not be dismissed given the lack of evidence supporting vicarious liability noted above. Furthermore, within thirty days the parties shall provide a status report regarding the pending third-party claim by Defendants against Verizon, which has been stayed pending arbitration.

IT IS SO ORDERED.

/s/ W. Smith

William E. Smith
District Judge
Date: August 11, 2022

7